IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AILEENE TAYLOR,

    Plaintiff,

v.                                                     CV 12-552 JCH/GBW

COUNTY OF CHAVES,
RHONDA COAKLEY, individually
and in her capacity as CHAVES COUNTY
CLERK, DOUGLAS J. SHAW,
individually and in his capacity as
CHAVES COUNTY DEPUTY CLERK,

    Defendants.

## ORDER GRANTING
## DEFENDANTS' MOTION TO STAY

This matter comes before the Court on Defendants' Motion to Stay which is fully briefed. *Docs. 6, 14, 19, 20.* As explained below, the Court will grant the Motion.

### *Background*

Plaintiff filed an initial complaint in this matter on May 21, 2012. *Doc. 1.* On July 13, 2012, Defendants filed "Defendants' Motion to Dismiss Plaintiff's Complaint on the Basis of Qualified Immunity and Other Grounds." *Doc. 5.* On the same day, Defendants filed the present motion, styled "Defendants' Motion to Stay Discovery Pending a Decision on Qualified Immunity and Memorandum in Support Thereof[.]" *Doc. 6.* Plaintiff filed an amended complaint on August 3, 2012. *Doc. 13.* Plaintiff filed a response to the motion to stay on August 6, 2012. *Doc. 14.* On August 17, 2012,

Defendants withdrew their first motion to dismiss, *doc. 5*, and filed a motion to dismiss Plaintiff's amended complaint, *doc. 18*. Defendants filed a reply as to the motion to stay. *Doc. 19*.

Plaintiff's amended complaint alleges that Defendants previously employed her, that they subjected her to a hostile work environment, that she complained about the inappropriate conditions of her work environment, and that Defendants then fired her in retaliation for her complaints. *Doc. 13.* Plaintiff's amended complaint asserts Plaintiff's entitlement to relief on four counts:  (1) violation of "her right to be free of workplace discrimination . . ."; (2) retaliation against her in violation of Title VII of the Civil Rights Act of 1964; (3) violation of her rights under the New Mexico Whistleblower Protection Act; and (4) violation of her rights under the Equal Protection Clause of the Fourteenth Amendment. *Id.*

In Defendants' pending Motion to Dismiss, Defendants argue that the amended complaint should be dismissed as to all counts. *Doc. 18*. Defendants argue that, as to Count Four of the amended complaint, "The Individual Defendants are Entitled to Qualified Immunity." *Id.* at 19. Defendants' motion to stay argues that Defendants "are entitled to a determination by this Court of the qualified immunity question before assuming the burdens of discovery and litigation." *Doc. 6* at 1. In their reply brief, Defendants state that "*all* discovery should be stayed pending a decision on the qualified immunity issues." *Doc. 19* at 1 (emphasis added). Plaintiff argues that any

stay of discovery should be limited to the count and parties for which Defendants raise the qualified immunity defense.  *Doc. 14* at 2.

### *Analysis*

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009).  The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible.  *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).  As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of all discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).

As Plaintiff points out, this general rule is subject to exceptions. *See Rome v. Romero*, 225 F.R.D. 640 (D. Colo. 2004); *Robillard v. Bd. of County Comm'rs of Weld County, Colorado*, 2012 WL 694507 (D. Colo. Mar. 1, 2012). However, this Court is not persuaded that the instant case falls outside the general rule. The individual defendants have filed a good faith motion seeking qualified immunity. If that motion is granted, their exposure to liability will be greatly diminished and their discovery strategy will be significantly impacted. Permitting any discovery to continue prior to a ruling on that issue will require the full participation of the individual defendants. The Supreme Court has emphasized that such a result deprives individual officials of a significant benefit of qualified immunity. *See Iqbal*, 129 S.Ct. at 1953 ("It is quite likely that, when discovery as to other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position."). Thus, the Court finds a stay warranted as to all claims and all parties.

Wherefore, **IT IS HEREBY ORDERED** that, pending a ruling on the issue of qualified immunity raised in Defendants' Motion to Dismiss, *doc. 18*, all discovery in this case is stayed.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE