IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AILEEN TAYLOR,**

        **Plaintiff,**

vs.                                                                                  **CIV No. 12-552 JCH/GBW**

**COUNTY OF CHAVES;**
**RHONDA COAKLEY, individually and**
**in her capacity as CHAVES COUNTY CLERK;**
**DOUGLAS J. SHAW, individually and in his**
**capacity as CHAVES COUNTY DEPUTY CLERK,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the Basis of Qualified Immunity and Other Grounds and Memorandum in Support Thereof* (Doc. 18).  In the underlying action, Plaintiff Aileene Taylor accuses Defendants of gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2005e-5(f), et seq.; violation of the New Mexico Whistleblower Protection Act, NMSA 2012 § 10-16C-1, et seq.; and violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, in connection with sexual harassment she allegedly faced while working with Defendant Douglas J. Shaw in the Chaves County Clerk's Office.  In support of the instant motion, Defendants contend that Plaintiff has failed to state a claim against Defendant County of Chaves ("the County") and that the individual Defendants, Shaw and Rhonda Coakley, are entitled to qualified immunity from suit.  The Court, having considered the motion, briefs, exhibits, and relevant law, and being otherwise fully informed, finds that Defendants' motion is well-taken.  However, the Court will grant Plaintiff leave to timely file a Second Amended Complaint that complies with the standard established by Rule

12(b)(6), rather than dismiss Plaintiff's claims without prejudice.

## ALLEGATIONS IN THE AMENDED COMPLAINT[1]

Plaintiff was employed by Defendant Chaves County from August 24, 2001 until her forced retirement from the position of Deputy Clerk in the Chaves County Clerk's Office on April 1, 2012. At the time of her retirement, Plaintiff was 63 years old. Plaintiff "was a satisfactory or better employee with no reprimands or noted deficiencies through 2012." (Doc. 13 Am. Cplt. ¶ 12).

At some point in 2007, Defendant Rhonda Coakley, Chaves County Clerk, appointed Defendant Douglas J. Shaw to the position of Deputy County Clerk, pursuant to which Shaw became the second most senior official in the County Clerk's Office, with full authority to administer County- and Clerk's Office policies.

According to Plaintiff, "Shaw quickly demonstrated he had little or no regard for the feelings or sensitivities of the female employees of the Chaves County Clerk's Office," and frequently "demeaned, insulted, threatened and harasse[d] Plaintiff and similarly situated female employees." *Id.* ¶ 14. Shaw's conduct created a hostile work environment at the Chaves County Clerk's Office, as a "perpetual sense of anxiety and emotional distress" existed among female employees. *Id.* ¶ 15. The Amended Complaint does not set forth any specific instances of Shaw's misconduct.

On a date not set forth in the Amended Complaint sometime before December 2009, Plaintiff complained to Coakley and the County's Human Resource Department that, in her

---

[1]Plaintiff's Amended Complaint does not include a separate factual background section. The factual allegations set forth herein are taken from the sections of the Amended Complaint listing her four causes of action.

view, Shaw's comments and behavior towards her constituted sexual harassment. However, Shaw's misconduct continued. Plaintiff subsequently "complained on more than two additional occasions" about the hostile work environment created by Shaw and tolerated by Coakley, "including the incident in May[] 2011." *Id.* ¶ 18. The Amended Complaint does not otherwise reference any incident which occurred in May 2011.

After Plaintiff complained about Shaw to Human Resources, she was denied a Christmas bonus "given to every deputy clerk except Plaintiff and Betty Spear," a co-worker who had made similar, unspecified allegations about Shaw. *Id.* ¶ 26.

On a date not set forth in the Amended Complaint, Plaintiff received an unwarranted written reprimand. The Amended Complaint does not identify who reprimanded Plaintiff or otherwise set forth any details surrounding the reprimand.

According to Plaintiff, the work environment under Shaw at the Chaves County Clerk's Office became so "corrosive that Plaintiff's physical and mental health were causally affected requiring her to seek medical treatment." *Id*. ¶ 27. Plaintiff does not set forth any dates or other details surrounding the medical issues she faced or the treatment she sought.

On April 1, 2012, Plaintiff retired from the Chaves County Clerk's Office, "in fear she would suffer additional retaliation including termination."[2] *Id*. ¶ 36.

---

[2]In a possible effort to preempt any finding that her Amended Complaint does not contain sufficient factual allegations to plausibly support her claims, Plaintiff urges the Court to consider an affidavit attached to the Amended Complaint, which, she contends, "supplement[s] and verif[ies] the facts." (Doc. 22 at 4). Because the attached exhibit is not properly before the Court, and cannot serve as a substitute for deficiencies in the underlying Complaint, the Court does not rely on it in evaluating the instant motion. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (attached affidavit is not a "written instrument" that is part of the pleading for all purposes within the meaning of Fed. R. Civ. P. 10(c), and thus should not be considered part of the pleadings).

**RELEVANT PROCEDURAL HISTORY**

On May 21, 2012, Plaintiff filed her Original Complaint in this Court. On July 13, 2012, Defendants moved to dismiss the Complaint on the basis of qualified immunity, and for failure to state a claim against the County. In response, on August 3, 2012, Plaintiff filed the Amended Complaint. *See* Doc. 22 at 4 (Plaintiff noting that "[t]o the extent [she] failed to set forth sufficient facts to assert liability against Defendants under the numbered counts . . . Plaintiff amended her [C]omplaint to set forth those claims."). Defendants subsequently withdrew their initial motion to dismiss. On August 17, 2012, Defendants filed the instant motion to dismiss the Amended Complaint.

**LEGAL STANDARD**

*Rule 12(b)(6)*

Rule 12(b)(6) provides in relevant part that "failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any pleading. A court may dismiss a cause of action under Rule 12(b)(6) for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 811 (1993). A motion to dismiss should be granted if, viewing the well-pleaded factual allegations of the complaint as true, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Thus, in considering a Rule 12(b)(6) motion, a court must assume all well pleaded facts, but not conclusory allegations, to be true, and must draw all reasonable inferences in favor of a plaintiff.

*See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187 (10th Cir. 1991); *Maher v. Durango Metals, Inc.*,144 F.3d 1302, 1304 (10th Cir. 1998). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). However, the rules do not require a court to accept legal conclusions or unwarranted inferences. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted).

### *Qualified Immunity in the Context of a 12(b)(6) Motion to Dismiss*

"When a defendant raises qualified immunity in a Rule 12(b)(6) motion to dismiss, 'the plaintiff must carry the burden of establishing that the defendant violated clearly established law.'" *Johnson v. Bd. of Curry County Commissioners*, 2007 U.S. Dist. LEXIS 96214, (D.N.M., Nov. 18, 2007), quoting *Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000). The nature of the qualified immunity inquiry imposes a "heavy two-part burden" on the plaintiff. In order to defeat the qualified immunity defense, the plaintiff must both "demonstrate that the defendant's actions *violated* a constitutional or statutory right" and "show that the constitutional or statutory rights the defendant allegedly violated were *clearly established* at the time of the conduct at issue." *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008) (emphasis added). Federal judges are permitted "to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan,* 555 U.S. 223, 236 (2009). For a right to be clearly established under the second prong, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535

(10th Cir. 1995) (quotation omitted).  "A plaintiff can demonstrate that a constitutional right is clearly established by references to cases from the Supreme Court, the Tenth Circuit, or the weight of authority from other circuits."  *Gann v. Cline,* 519 F.3d 1090, 1092 (10th Cir. 2008)

If the plaintiff fails to show that a defendant's conduct violated a constitutional or statutory right, the court need not reach the additional question of whether the law was clearly established at the time of the challenged conduct.  *Butler v. Rio Rancho Pub. Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003).

**DISCUSSION**

**I. Plaintiff's Untitled Count I**

Plaintiff does not specify a cause of action in the title of Count I of her Amended Complaint.  While Count I recites that "Defendant had established a protected property interest in employment" (Doc. 13 Am. Cplt. ¶ 11) – likely a misstatement referring to *Plaintiff's* property interest in her employment with the County, which suggests that Plaintiff means to establish a constitutional due process claim – the claim otherwise appears to set forth a cause of action for gender discrimination in violation of Title VII.  *See generally id.* ¶¶ 11-20 (reciting that County had policy prohibiting gender discrimination; that Shaw frequently demeaned Plaintiff and similarly-situated female employees, creating a "chronically hostile work environment"; and that the "sexually discriminatory animus" Plaintiff encountered in the workplace altered the terms of her employment).  Plaintiff clarifies in her response brief that Count I is meant to set forth a Title VII discrimination claim.

In the Tenth Circuit, a plaintiff sets forth a prima facie case of gender discrimination under Title VII by establishing that "(i) he or she is a member of the class protected by the

statute; (ii) he or she suffered an adverse employment action; (iii) he or she was qualified for the position at issue; and (iv) he or she was treated less favorably than others not in the protected class." *Cordova v. N.M. Taxation & Revenue Dept*., 2011 U.S. Dist. LEXIS 152878, at *48 (D.N.M., Dec. 28, 2011) (citing *Sanchez v. Denver Pub. Sch*., 164 F.3d 527, 531 (10th Cir. 1998)). In support of the instant motion, Defendants contend that Plaintiff's discrimination claim cannot survive dismissal on the merits for myriad reasons, including that "there is not one specific allegation made in support of such a claim." (Doc. 18 at 3). The Court agrees that the Amended Complaint plainly fails to set forth Count I in a manner that would provide Defendants with "'fair notice of what [Plaintiff's] claim is . . . and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Indeed, as shown above, Plaintiff does not set forth any specific incidents demonstrating Shaw's sexually discriminatory conduct or the hostile environment in which she purportedly worked, let alone link those incidents to the elements of a Title VII gender discrimination claim, which she likewise fails to set forth. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to survive dismissal") (citing *Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, while Plaintiff states in another section of the Amended Complaint that she "has satisfied the conditions precedent on her discrimination and retaliation claims as required under Title VII and received a right to sue on March 22, 2012," (Doc. 13 Am. Cplt. ¶ 8), Plaintiff fails to demonstrate that she received a Right to Sue letter from the Equal Employment Opportunity Commission on the gender discrimination claim set forth in her Amended

7

Complaint.³  In sum, Plaintiff leaves it to Defendants to (i) adopt the assumption that her untitled Count I sets forth a Title VII gender discrimination claim; (ii) investigate the elements of the claim; (iii) deduce the facts which might support such a claim from the generalities recited in the Amended Complaint, or wait to learn them over the course of fact discovery; and (iv) assume that the gender discrimination claim Plaintiff now wishes to assert was properly exhausted before the EEOC.

Accordingly, Because Plaintiff's claim against the County cannot survive dismissal under the usual Rule 12(b)(6) standard, it follows that her claim against the individual Defendants cannot survive the "heavy two-part burden" imposed on her by the individual Defendants' invoking of the qualified immunity defense.⁴  *See Archuleta*, 523 F.3d at 1283.  Therefore, for the reasons set forth above, the Court finds that Defendants' motion to dismiss Plaintiff's Count I should be granted.

## II. Plaintiff's Title VII Retaliation Claim

Count II of the Amended Complaint purports to set forth a claim for Title VII retaliation. In the Tenth Circuit, a plaintiff sets forth a prima facie case of retaliation under Title VII by

---

³In her response brief, Plaintiff indicates that she demonstrated that she exhausted her adminstrative remedies before the EEOC in her Original Complaint and its attachments. Plaintiff's Original Complaint is no longer operable and cannot be relied upon in order for her Amended Complaint to survive dismissal.

⁴ Indeed, rather than attempt to demonstrate that Shaw's and Coakley's actions (1) violated a constitutional or statutory right and (2) that this right was clearly established at the time of the conduct at issue with respect to *any* of Plaintiff's claims, Plaintiff's response brief contains a single, confusing section which attempts to meet Plaintiff's qualified immunity burden by reiterating a vague summary of her conclusory allegations.  See Doc. 22 at 11 ("The constitutional violation is hostile work environment, sexual harassment, which has been published since enactment of Title VII.  At the motion to dismiss stage, Plaintiff's [Amended] Complaint and affidavit state a claim for relief which, on its face[,] is sufficient to survive Defendants' motion to dismiss.").

establishing "(1) protected opposition to Title VII discrimination or participation in a Title VII proceeding; (2) adverse action by the employer subsequent to or contemporaneous with such employee activity; and (3) a causal connection between such activity and the employer's adverse action." *Berry v. Stevinson Chevrolet,* 74 F.3d 980, 985 (10th Cir. 1996).

The Court finds that Plaintiff's retaliation claim is beset by the same deficiencies as her discrimination claim. Once again, Plaintiff fails to even set forth the elements of the claim in issue, let alone link those elements to specific factual allegations in a way that would inform Defendants of the essence of her retaliation claim. While Count II makes bare references to two incidents that, had they been sufficiently pled, might have served as bases for a plausible retaliation claim, *see supra* n.3 – Plaintiff's failure to receive "a Christmas bonus given to every deputy clerk except Plaintiff and Betty Spear" and subsequent receipt of "an unwarranted written reprimand" (Doc. 13 Am. Cplt. ¶ 26) – the Amended Complaint does not identify these events as adverse employment actions, provide any detail about these events or the persons who perpetrated them, or even assert that these events served as the basis for a retaliation claim set forth in a Charge of Discrimination that was administratively exhausted before the EEOC.

Accordingly, for the same reasons set forth above with regard to Plaintiff's Title VII gender discrimination claim, the Court finds that Plaintiff's Title VII retaliation claim should be dismissed on its merits.

**III. Plaintiff's Claim Under the New Mexico Whistleblower Protection Act**

The New Mexico Whistleblower Act provides, in relevant part:

A public employer shall not take any retaliatory action against a public employee because the public employee:

> A. communicates to the public employer or a third party information

>about an action or a failure to act that the public employee believes in
>good faith constitutes an unlawful or improper act;
>
>B.  provides information to, or testifies before, a public body as part of an
>investigation, hearing or inquiry into an unlawful or improper act; or
>
>C.  objects to or refuses to participate in an activity, policy or practice that
>constitutes an unlawful or improper act.

NMSA 1978 § 10-18-3.  Plaintiff's Count III purports to assert a claim under the New Mexico Whistleblower Protection Act, but again fails to set forth the elements of the claim in issue or allege that Defendants took a retaliatory action against Plaintiff as defined by the Act.  *See* NMSA 1978 § 10-18-2D (providing that a "retaliatory action" for purposes of the Whistleblower Protection Act meands "taking any discriminatory or adverse employment action against a public employee in the terms and conditions of public employment").  Rather, Plaintiff's Count III merely states in conclusory fashion that "Plaintiff complained about unlawful or inappropriate discrimination based on gender to her employer and suffered an adverse employment action as a result."  (Doc. 13 Am. Cplt. ¶ 35).  Even if Plaintiff had specifically pled that her failure to receive a Christmas bonus or her alleged constructive termination constituted retaliatory actions within the meaning of the Act, her failure to provide any factual enhancement with respect to these barebones allegations is insufficient "to state a claim for relief that is plausible on its face."  *Twombly,* 550 U.S. at 570.

Thus, for the reasons set forth above, the Court finds that Plaintiff's claim under the New Mexico Whistleblower Protection Act should also be dismissed.

**IV.  Plaintiff's Equal Protection Claim Under 42 U.S.C. § 1983**

In the public employment context, the Equal Protection Clause of the Fourteenth Amendment "affords protection to employees who serve the government as well as to those who

are served by them, and § 1983 provides a cause of action for all citizens injured by an abridgment of those protections." *Lobato v. N.M. Env't Dep't*. 838 F.Supp.2d 1213, 1223 (D.N.M. 2011) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 119-20 (1992)). In order to state an equal protection claim in the Tenth Circuit, a plaintiff must allege that a government actor intentionally discriminated against her on the basis of her membership in a suspect class. *Id.* Here, Count IV of the Amended Complaint attempts to set forth a claim that Plaintiff's equal protection rights were violated because she worked in "a sexually hostile environment" at the Chaves County Clerk's Office, which "would not have occurred but for the gender of Plaintiff and similarly situated female employees[,] as such behavior and conduct was not directed at male deputy clerks during Plaintiff's tenure." (Doc. 13 Am. Cplt. ¶¶ 41-42). Plaintiff further indicates that Defendant Shaw created the hostile work environment, that his conduct was sanctioned by his Co-Defendants, Coakley and the County, and that "[t]he violation of Chaves County's sexual harassment policy constitutes a custom or practice that is sufficiently persistent and widespread to constitute a separate policy, practice or custom." *Id.* ¶ 45.

Plaintiff's equal protection claim fails to survive dismissal under Rule 12(b)(6) for much the same reasons as her other claims. Namely, Plaintiff fails to set forth the elements of her claim or to explain how her vague factual allegations support those elements and, if proven, would entitle to her relief. As Defendants note, the vague allegations in the Amended Complaint raise the question "who was treated differently from whom, and by who[]?". (Doc. 18 at 18). While Plaintiff appears to allege that she was in a class of female employees who were all treated differently from their male counterparts, other vague allegations in the Amended Complaint seem to suggest that she means to plead membership in a "class of two" with Betty Spear, allegedly the only other deputy clerk to be denied a Christmas bonus. Moreover, Plaintiff

11

fails to plead *any* specific acts for which *any* Defendant is allegedly liable. "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (quotation omitted); *see also Wilkerson v. New Media Technology* Charter School, Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("The complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim). Because Plaintiff's Amended Complaint is devoid of all but the most general allegations of Plaintiff's dissimilar treatment by Shaw, sanctioned by Coakley and the County, the Court finds that Plaintiff's equal protection claim is insufficient under Rule 12(b)(6).

## V. Opportunity for Second Amendment

Plaintiff concludes her response brief by requesting that, in the event the Court finds her Complaint subject to dismissal on its merits, she be allowed leave to amend. In general, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In exercising this discretion, however, "the court must heed Rule 15(a)'s direction that leave to amend 'shall be freely given when justice so requires.'" *Staats v. Cobb*, 455 Fed. Appx. 816, 817 (10th Cir. 2011) (quoting Fed. R. Civ. P. 15(a)); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."). Here, Plaintiff may or may not have a meritorious case – it is impossible to tell from the Amended Complaint. However, Defendants proffer no reason why leave to amend should be denied at this early stage of the litigation, and

the Court is not prepared to cite Plaintiff's counsel's mistakes as the basis for denying Plaintiff an opportunity to test her claim on the merits. *See Smith v. McCord,* 2013 U.S. App. LEXIS 3549, at *4 (10th Cir. Feb. 15, 2013) ("clients . . . are usually bound by their lawyers' actions – or, as here, inactions"). Accordingly, the Court will allow Plaintiff to bring a Second Amended Complaint in a timely manner. Because Defendants' motion is well-taken, however, Plaintiff's failure to amend her Complaint within the time-frame set forth by the Court will result in its dismissal without prejudice. *See infra.*

## CONCLUSION

Therefore, for the reasons set forth above, the Court finds that *Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the Basis of Qualified Immunity and Other Grounds and Memorandum in Support Thereof* (Doc. 18) is DENIED. The Court will allow Plaintiff fifteen (15) days from the date of this opinion to amend the Amended Complaint to assert her claims in the manner required by the legal standards set forth herein. Plaintiff's failure to bring a Second Amended Complaint within fifteen (15) days will result in dismissal of the Amended Complaint without prejudice.

_____
UNITED STATES DISTRICT COURT